1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## SOUTHERN DISTRICT OF CALIFORNIA

8

ARAGON GALUTATU FALETOGO,

CASE NO. 12cv631 GPC (WMc)

9

Plaintiff,

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR COURT-APPOINTED EXPERT WITNESS**

10

vs.

11
12

M. MOYA, et al.,

[ECF No. 36.]

13

Defendants.

## I. INTRODUCTION

14
15

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights

16

action under 42 U.S.C. § 1983. Plaintiff filed this action on March 12, 2012 claiming Defendants

17

violated his Eight Amendment right to be free from cruel and unusual punishment by using

excessive force while subduing him as he fled from the scene of an assault. [ECF No. 1 at 4.]

18

On December 27, 2012, Plaintiff filed a motion for court-appointed expert. [ECF No. 36 at

19

2.] Plaintiff requests the court order several experts under Rule 706 of the Federal Rules of

20

Evidence to assist him with his claims under the Eighth Amendment. *Id.* at 2–4. Specifically, he

21

requests medical professionals, including a psychiatrist and opthalmologist, to testify regarding his

22

injuries as well as a prison official to testify regarding standard prison procedures. *Id.*

23

## II. STANDARD OF REVIEW

24
25

An expert witness may testify to help the trier of fact determine the evidence or a fact at

26

issue. Fed. R. Evid. 702. Under Rule 706(a) of the Federal Rules of Evidence, the district court has

discretion to appoint an expert on its own motion or on the motion of a party. Fed. R. Evid. 706(a);

27

*Walker v. American Home Shield Long Term Disability Plan,* 180 F.3d 1065, 1071 (9th Cir. 1999)

28

(appointment of an expert to assist the court in evaluating conflicting evidence of unfamiliar

disease was appropriate). Court appointment of an expert may be appropriate if evidence to be presented at trial is complex. *See Levi v. Director of Corrections*, No. CIVS020910LKKKJMP, 2006 WL 845733, at *1 (E.D.Cal. March 31, 2006) (citing *Ledford v. Sullivan,* 105 F.3d 354, 358–59 (7th Cir. 1997)); *see also* Fed. R. Evid. 702 ("A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify . . . if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue . . . .").

### III. DISCUSSION

Here, the Court finds the issues involved in Plaintiff's excessive force claim are not so complex as to require the testimony of expert witnesses to assist the trier of fact. *See, e.g.*, *Ledford*, 105 F.3d at 359 (in civil rights action in which inmate claimed that state prison officials were deliberately indifferent to his serious medical needs when they deprived him of his prescription medication, trial court did not abuse its discretion in refusing to appoint expert; jury could determine whether prison officials acted with deliberate indifference and whether inmate had serious medical needs without aid of expert). The key inquiry in determining whether prison officials used excessive force in violation of the Eighth Amendment is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). "In determining whether the use of force was wanton and unnecessary, [in addition to the extent of the injury suffered by the inmate] it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). These areas of inquiry are well within the purview of the trier of fact; no scientific, technical, or specialized knowledge is necessary for the trier of fact to understand the evidence or determine a fact in issue. The parties to the instant action may testify to the facts and circumstances surrounding the events in question, supplying the trier of fact with the information necessary to determine whether more force than required was exerted to maintain order on that day.

Plaintiff's motion focuses primarily on his need to establish the physical and mental injuries he suffered as a result of Defendants' alleged use of excessive force; however, Plaintiff has not adequately explained why expert testimony from medical personnel is necessary to relay this information to the trier of fact. Plaintiff is well-situated to testify to the extent of his injuries and can further support his testimony with documentary evidence from his medical record.[1] Moreover, while the extent of an inmate's injury is one factor to consider in a claim for excessive use of force, there are many others, and the ultimate inquiry of whether prison officials acted "maliciously and sadistically to cause harm" may have little to do with the extent of an inmate's injuries. *Hudson*, 503 U.S. at 7. In fact, "the use of excessive physical force against a prisoner may constitute cruel and unusual punishment [even] when the inmate does not suffer serious injury." *Id.* at 4. In addition, Plaintiff has first-hand knowledge of his injuries and has demonstrated the ability to adequately communicate them.

Furthermore, Rule 706(a) of the Federal Rules of Evidence does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties. *See Gamez v. Gonzalez*, No. 08cv1113 MJL (PCL), 2010 WL 2228427, at *1 (E.D. Cal. June 3, 2010) (citation omitted); *see also Tedder v. Odel,* 890 F.2d 210, 211–12 (9th Cir. 1989) (quoting *United States v. MacCollom,* 426 U.S. 317, 321 (1976)) (finding that the *in forma pauperis* statute likewise does not authorize the court to waive witness fees or expenses of an indigent litigant). The court may apportion the costs of a court-appointed expert as it sees fit, and this may result in the court apportioning all costs to one side when the other party is an indigent litigant. *See McKinney v. Anderson*, 924 F.2d 1500, 1510–11 (9th Cir. 1991).  However, the appointment of such an expert must still be necessitated by complex scientific, technical or other specialized trial issues.   ///

///

///

///

---

[1]     Additionally, Plaintiff may be able to call as percipient witnesses medical personnel which treated him for injuries related to the incident in question.

1   The legal issues in question here simply do not involve such complexities and thus do not

2   necessitate the court appointment of an independent expert witness.[2]

3       For the foregoing reasons, Plaintiff's Motion for Appointment of an Expert is **DENIED**

4   **without prejudice.**

5       **IT IS SO ORDERED.**

6   DATED: February 12, 2013

7   _____

8   Hon. William McCurine, Jr.
    U.S. Magistrate Judge, U.S.District Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

---

27   [2]   This is especially true at such an early stage of the proceedings. The court may still appoint an
28        expert witness if trial issues of sufficient complexity arise at a later stage of the litigation. *See
        Carroll v. Yates*, No. 1:10–cv–00623–SKO PC, 2012 WL 1868036, at *1 (E.D. Cal. May 22,
        2012) (denying motion for court-appointed expert as premature).